UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEREK LOWELL KIRK,<br><br>                    Petitioner,<br>     v.<br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>                    Respondents. | Case No. 3:16-cv-00079-MMD-VPC<br><br>ORDER |

On April 18, 2016, this Court dismissed petitioner Derek Lowell Kirk's *pro se* habeas matter as improperly commenced (ECF No. 5), and the case was closed and judgment was entered (ECF No. 6).

The Court received Kirk's completed application to proceed *in forma pauperis,* as well as a motion to amend his petition with the proposed amended petition attached, on April 20, 2016. Because these filings were so close in time to the Court's order dismissing the case and essentially "crossed in the mail," the Court will, in the interests of justice and judicial efficiency, vacate the order dismissing the action and reopen the case.

Kirk's motion for leave to proceed *in forma pauperis* (ECF No. 7) is granted. Kirk's motion for leave to file an amended petition (ECF No. 9) is granted. The Court has reviewed the proposed amended petition pursuant to Habeas Rule 4, and it will be docketed and served on respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be

forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Petitioner has also filed two motions for appointment of counsel (ECF Nos. 8, 12). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, Kirk's amended petition appears sufficiently clear in presenting the issues that he wishes to raise, and the legal issues are not particularly complex. Therefore, counsel is not justified at this time. Kirk's motion is denied.

Kirk has also filed a motion to extend the prison copywork limit (ECF No. 13). As indicated, the amended petition will be served on respondents, and respondents are required by Habeas Rule 5 to file the relevant state-court records in support of their response to the petition. Therefore, petitioner's motion for copies will be denied without prejudice to him filing a new motion for copies if respondents do not file necessary documents. However, the Court wiall grant Kirk's motion for a copy of the amended petition and the docket sheet at this time (ECF No. 11).

It is therefore ordered that this Court's order dated April 18, 2016 (ECF No. 5) is vacated as set forth in this order. The Clerk is directed to re-open this action.

It is further ordered that petitioner's application to proceed *in forma pauperis* (ECF No. 7) is granted.

It is further ordered that petitioner's motion for leave to file amended petition (ECF No. 9) is granted. The Clerk will file and electronically serve the amended petition (ECF No. 9-1) on the respondents.

It is further ordered that the Clerk add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

It is further ordered that respondents file a response to the petition, including potentially by motion to dismiss, within ninety (90) days of service of the petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed must comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

It is further ordered that any procedural defenses raised by respondents in this case must be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

///

3

It is further ordered that petitioner will have forty-five (45) days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

It is further ordered that any additional state court record exhibits filed herein by either petitioner or respondents must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number of the exhibit in the attachment.

It is further ordered that the parties must send courtesy copies of all exhibits in this case to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, directed to the attention of "Staff Attorney" on the outside of the mailing address label. Additionally, in the future, all parties mustl provide courtesy copies of any additional exhibits submitted to the Court in this case, in the manner described above.

It is further ordered that petitioner's two motions for appointment of counsel (ECF Nos. 8 and 12) are both denied as set forth in this order.

It is further ordered that petitioner's motion for copy of petition and docket sheet (ECF No. 11) is granted. The Clerk will send to petitioner one (1) copy of the amended petition, at ECF No. 9-1, and one (1) copy of the docket sheet for this case.

It is further ordered that petitioner's motion for extension of copywork limit (ECF No. 13) is denied without prejudice.

It is further ordered that petitioner's motion for judicial action (ECF No. 10) is denied as moot.

DATED THIS 9th day of December 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE