UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEREK LOWELL KIRK,<br><br>Petitioner,<br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>Respondents. | Case No. 3:16-cv-00079-MMD-VPC<br><br>ORDER |

Before the Court is *pro se* habeas petitioner Derek Lowell Kirk's renewed motion for appointment of counsel (ECF No. 27).

As this Court previously explained, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The Court previously denied Kirk's motions for appointment of counsel on the bases that the amended petition appears sufficiently clear in presenting the issues that he wishes to raise, and the legal issues are not particularly complex. This

Court denied Kirk's third motion for counsel without prejudice because he stated for the first time that he suffers from Post-Traumatic Stress Disorder and that looking at the documents in this case is very painful and has made him suicidal (*see* ECF Nos. 24, 26). This Court directed that Kirk could file a renewed motion for appointment of counsel if he provided exhibits in support of his claims that his serious mental health needs warrant appointment of counsel.

Kirk filed this renewed motion for appointment of counsel, a supplement to the motion, and a letter (ECF Nos. 27, 28, 31). Kirk expresses frustration with the Court and with NDOC mental health personnel and states that he has very limited access to his medical records. The Court is sympathetic to Kirk's difficulties, but his filings continue to demonstrate that he is capable of fairly presenting his claims to this Court. The Court is not persuaded that Kirk suffers from serious mental health issues such that the denial of counsel would amount to a denial of due process. Accordingly, the renewed motion for appointment of counsel is denied.

It is therefore ordered that petitioner's renewed motion for appointment of counsel (ECF No. 27) is denied.

It is further ordered that petitioner must, within thirty (30) days from the date of this order, file his opposition to respondents' motion to dismiss, if any.

It is further ordered that petitioner's motion for a psychological evaluation (ECF No. 30) is denied.

It is further ordered that respondents' motion for leave to file exhibits under seal (ECF No. 22) is granted.

DATED THIS 14th day of November 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE