UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEREK LOWELL KIRK, | Case No. 3:16-cv-00079-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al.,* | |
| Respondents. | |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion to dismiss petitioner Derek Lowell Kirk's *pro se* amended petition as untimely (ECF No. 19). Kirk has not opposed the motion. As discussed below, the petition will be dismissed as time-barred.

**I.   BACKGROUND**

On January 8, 2013, Kirk pleaded guilty to: count 2 — robbery with the use of a deadly weapon; count 5 — eluding a police officer; and count 6 — assault with a deadly weapon (Exh. 18).[1] The state district court sentenced him as follows: count 2 — 35 to 156 months, with a consecutive term of 35 to 156 months for the deadly weapon enhancement; count 5 — 13 to 60 months, consecutive to count 2; and count 5 — 13 to 60 months, consecutive to count 5. (Exh. 21.) Judgment of conviction was entered on March 15, 2013. (*Id.*)

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 19, and are found at ECF Nos. 20, 21, 23.

Kirk filed a notice of appeal on November 15, 2013. (Exh. 24.) On March 13, 2014, the Nevada Supreme Court dismissed the untimely appeal for lack of jurisdiction, and remittitur issued on April 10, 2014. (Exhs. 33, 34.)

On May 13, 2014, Kirk filed a state postconviction petition. (Exh. 35.) The state district granted his motion for counsel, and Kirk filed a counseled, supplemental petition. (Exh. 40.) The state district court denied the petition, the Nevada Supreme Court affirmed the denial of the petition on December 18, 2015, and remittitur issued on January 15, 2016. (Exhs. 45, 59, 60.)

Kirk dispatched his federal habeas petition for mailing about February 11, 2016. (ECF No. 1-1.) Respondents have moved to dismiss Kirk's amended petition as time-barred. (ECF No. 19.)

## II.  DISCUSSION

### A.  The Petition

Kirk alleges sixteen federal grounds for habeas relief in his *pro se* petition:

> Ground 1: Kirk's Fifth and Fourteenth Amendment due process rights have been violated because Washoe County and the state district court do not have jurisdiction over the alleged robbery, which occurred on an Indian reservation (ECF No. 15 at 3).

> Ground 2: Kirk's Fifth and Fourteenth Amendment due process rights have been violated because Washoe County and the state district court do not have jurisdiction over the alleged assault, which occurred on an Indian reservation. (*Id.* at 5.)

> Ground 3: Kirk's Fifth and Fourteenth Amendment due process rights have been violated because the actions that the State alleged constituted robbery with a deadly weapon actually only legally constituted attempting shoplifting and brandishing a weapon. (*Id.* at 7.)

> Ground 4: Kirk's Fifth and Fourteenth Amendment due process rights have been violated because he did not voluntarily plead guilty but only did so because he was beat up by Washoe County Jail officers on several occasions. (*Id.* at 9.)

> Ground 5: Kirk's counsel failed to communicate with Kirk in order to ascertain whether he wanted to file a direct appeal. Counsel then filed an appeal ten months after judgment of conviction was entered. (*Id.* at 11-12.)

> Ground 6: The state district court refused to hold an evidentiary hearing on his state postconviction petition in violation of his Fifth and Fourteenth due process rights. (*Id.* at 14.)

Ground 7: Kirk was not competent to enter his guilty plea due to the combination of medications he was on at that time in violation of his Fifth and Fourteenth Amendment due process rights. (*Id.* at 16.)

Ground 8: Kirk's Fifth, Sixth and Fourteenth Amendment rights to due process and effective assistance of counsel were violated because neither his counsel nor the state district court sought a competency evaluation. (*Id.* at 18.)

Ground 9: Kirk's counsel was ineffective for recommending the guilty plea when overwhelming evidence support an insanity defense. (*Id.* at 20.)

Ground 10: Kirk's Fifth and Fourteenth Amendment due process rights were violated because the state district court failed to follow the mandatory sentencing rules in NRs 193.165. (*Id.* at 22.)

Ground 11: Kirk's Fifth and Fourteenth Amendment due process rights were violated because the state district court violated a rule of court when a different judge sentenced Kirk without holding a hearing or allowing for an opportunity to object. (*Id.* at 24.)

Ground 12: Kirk's Fifth and Fourteenth Amendment due process rights were violated because the state district court refused his motion for a continuance of sentencing in order that he could challenge the accuracy of the presentence investigation report. (*Id.* at 26.)

Ground 13: Kirk's counsel was ineffective for failing to present mitigating evidence at sentencing. (*Id.* at 28.)

Ground 14: Kirk's counsel failed to explain that the guilty plea provided that the State was free to argue with respect to the sentence. (*Id.* at 30.)

Ground 15: Kirk's counsel failed to move to dismiss the burglary and robbery charges when the evidence would not have supported the charges. (*Id. at 32.)*

Ground 16: Kirk's sentence is cruel and unusual in violation of his Eighth Amendment rights. (*Id.* at 34.)

Respondents argue that the petition is untimely (ECF No. 19).[2]

**B.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") went into effect on April 24, 1996, and imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The limitation period can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the

---

[2]Respondents also argue that several grounds are unexhausted or procedurally barred (ECF No. 19).

3

expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

A petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009) (quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Moreover, ignorance of the one-year statute of limitations does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

Kirk's thirty (30) days to file a notice of appeal from his judgment of conviction with the Nevada Supreme Court expired on April 15, 2013. *See* Nev. R. App. P. 4(b)(1)(A); Exh. 53. Kirk filed a notice of appeal on November 15, 2013. (Exh. 24.) As noted earlier, on March 13, 2014, the Nevada Supreme Court dismissed the untimely appeal for lack of jurisdiction. (Exh. 33.) Remittitur issued on April 10, 2014. (Exh. 34.) Kirk filed a state postconviction habeas petition on May 13, 2014. (Exh. 35.) The Nevada Court of Appeals affirmed the denial of the petition as untimely on December 18, 2015. (Exh. 59.)

As neither the untimely direct appeal or untimely state postconviction appeal was "properly filed" pursuant to U.S.C. § 2244(d)(2), no time was tolled between the expiration of time to file a direct appeal (April 15, 2013) and the date that Kirk dispatched his federal

4

petition for filing, February 11, 2016. Accordingly, about 1,032 days of untolled time passed before Kirk initiated his petition.

This federal petition is, therefore, time-barred, unless Kirk can demonstrate that he is entitled to equitable tolling of the AEDPA statute of limitations. While this Court explicitly directed Kirk to file his opposition, if any, to the motion to dismiss, Kirk has failed to oppose the motion (ECF Nos. 32, 37). Therefore, the petition is dismissed with prejudice as untimely.

### III. CERTIFICATE OF APPEALABILITY

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this Court to issue or deny a certificate of appealability (COA). Accordingly, the Court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Having reviewed its determinations and rulings in dismissing Kirk's petition, the Court finds that none of those rulings meets the *Slack* standard. The Court therefore declines to issue a certificate of appealability.

### IV. CONCLUSION

It is therefore ordered that respondents' motion to dismiss the petition (ECF No. 19) is granted as set forth in this order. The petition is dismissed with prejudice.

It is further ordered that a certificate of appealability is denied.

1 | It is further ordered that petitioner's motion for leave to appeal *in forma pauperis*
2 | (ECF No. 41) is denied.
3 | It is further ordered that the Clerk enter judgment accordingly and close this case.
4 | DATED THIS 1st day of March 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE